---

### DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

---

JOHN ST. ROSE and ROSALINE ST.
ROSE,

                **Plaintiffs,**                  2004-CV-0114

    **v.**

MOBILE PAINT MANUFACTURING
COMPANY OF DELAWARE d/b/a
THE NEW PAINT LOCKER,
SEALOFLEX CHEMICAL, INC.,
SEALOFLEX SALES, INC., and
SEALOFLEX PROPERTIES, INC., and
MOBILE PAINT CARIBBEAN, INC.,

                **Defendants.**

---

TO:   Lee J. Rohn, Esq.
       Wilfredo A. Geigel, Esq.
       Michael J. Sanford, Esq.

### ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

THIS MATTER came before the Court upon Defendants Mobile Paint

Manufacturing Company of Delaware and Mobile Paint Caribbean, Inc.'s Motion For

Reconsideration of Item Number Three of the Magistrate Order of December 30 [sic], 2008

(Docket No. 260). Plaintiffs filed an opposition to said motion. A hearing was held on

*St. Rose v. Mobile Paint Manufacturing Co. of Delaware*
2004-CV-0114
Order Denying Motion For Reconsideration
Page 2

February 4, 2009.  Lee J. Rohn, Esq., appeared and represented Plaintiffs; and, Eugenio W.A. Geigel-Simounet, Esq., appeared on behalf of said Defendants.

Pursuant to Local Rule of Civil Procedure 7.3, parties may seek reconsideration of an order issued by the Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice."   LRCi 7.3.   It is widely recognized that the "'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'' *Snith v. City of Chester*, 155 F.R.D. 95, 96 (E.D. Pa. 1994) (citation omitted). Having reviewed the submissions of the parties and heard the arguments of counsel, the Court finds that reconsideration is not warranted.  Nothing in the said Defendants' motion persuades the Court that its previous order requires clarification, modification, or reversal.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A) a court may sanction a party "for not obeying a discovery order."  Such sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

*St. Rose v. Mobile Paint Manufacturing Co. of Delaware*
2004-CV-0114
Order Denying Motion For Reconsideration
Page 3

> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

While the Court is sympathetic to the said Defendants' argument that some confusion may have been caused by the different Defendants responding to separate sets of discovery requests, such confusion in no way obviates the fact that said Defendants failed to obey a discovery order of the Court. Not only did said Defendants fail to obey a discovery order, they did so on more than one occasion, eliciting a warning from the Court that further failure to comply would result in the said sanction. *See* Order Granting Plaintiffs' Motion For Additional Sanctions (Docket No. 224), entered June 11, 2008. Thus, it is clear that the Court had the authority to impose such sanction and the manner in which it did so did not violate said Defendants' due process rights. Consequently, the Court finds that said Defendants have not established an error of law or fact as a basis for reconsideration.[1]

---

1. Said Defendants' reliance upon *Societe Internationale Pour Participations Industrielles et Commericales, S.A. v. Rogers,* 357 U.S. 197 (1958), *Hovey v. Elliot,* 167 U.S. 409 (1897), and *Dorsey v. Academy Moving & Storage, Inc.* 423 F.2d 858 (5th Cir. 1970) is misplaced as said cases are completely inapplicable and not analogous to the

*St. Rose v. Mobile Paint Manufacturing Co. of Delaware*
2004-CV-0114
Order Denying Motion For Reconsideration
Page 4

In addition, the defenses that said Defendants now raise in support of its motion for reconsideration cannot be said to constitute newly discovered evidence.   Therefore, reconsideration is not warranted on this ground.

The arguments made by said Defendants, while new, are ones that could easily and should have been made prior to the order at issue.  "Parties are not free to relitigate issues that the Court has already decided, nor should parties make additional arguments which should have been made before judgment."   *Smith*, 155 F.R.D. at 97 (citation omitted). Again, the order at issue was in response to a fourth motion by Plaintiffs concerning the same discovery dispute.  Said Defendants had several opportunities to bring their defenses to the attention of the Court prior to this point in the litigation.  At no point preceding this motion for reconsideration did said Defendants advise the undersigned of their inability to comply.[2]  A motion for reconsideration is not the time or place to have raised these arguments for the first time.

---

situation in the matter at bar.  In all of the cited cases, the sanction included dismissing the entire pleading thereby preventing the party sanctioned from having their case heard on the merits.  Here, the Court chose the lesser sanction of striking said Defendants' affirmative defenses.  Said Defendants still have the opportunity to defend the allegations contained in Plaintiffs' complaint and have the matter tried on the merits.  Moreover, said Defendants' purported inability to comply was never presented to the undersigned.

2.  The Court notes that some of the arguments were presented in said Defendants' Objection and Appeal of Magistrate's Order of July 30, 2008 (Docket No. 239), but they were never brought to the attention of the undersigned in response to Plaintiffs' numerous motions.

*St. Rose v. Mobile Paint Manufacturing Co. of Delaware*
2004-CV-0114
Order Denying Motion For Reconsideration
Page 5

Accordingly, it is now hereby **ORDERED** that Defendants Mobile Paint

Manufacturing Company of Delaware and Mobile Paint Caribbean, Inc.'s Motion For

Reconsideration of Item Number Three of the Magistrate Order of December 30 [sic], 2008

(Docket No. 260) is **DENIED**.

ENTER:

Dated: February 5, 2009               /s/ George W. Cannon, Jr.
                                      GEORGE W. CANNON, JR.
                                      U.S. MAGISTRATE JUDGE