# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **JOHN ST. ROSE** individually and as Personal Representative of the Estates of **ROSALINE ST. ROSE,** | 1:04-cv-114 |
| **Plaintiffs,** | |
| v. | |
| **MOBILE PAINT MANUFACTURING COMPANY OF DELAWARE d/b/a THE NEW PAINT LOCKER, MOBILE PAINT CARIBBEAN, INC., SEALOFLEX INC.,** and **SEALOFLEX SALES, INC.,** | |
| **Defendants.** | |

TO:     Lee J. Rohn, Esq.
         Wilfredo A. Geigel, Esq.
         Michael J. Sanford, Esq.

## **ORDER**

THIS MATTER came before the Court upon Defendants Sealoflex, Inc., and Sealoflex Sales, Inc.'s Motion to Reopen Discovery (Docket No. 339). Plaintiffs filed an opposition to the said motion, and said Defendants filed a reply thereto.

Said Defendants seek to reopen discovery for the limited purpose of deposing Plaintiffs' experts with regard to their "supplemental" reports filed after the close of expert discovery and after said Defendants filed their summary judgment and *Daubert* motions.

Plaintiffs oppose the motion, stating that the supplemental reports presented no new opinions, but, merely explained further the bases for the opinions in the original reports in response to said Defendants' *Daubert* challenges. Plaintiffs maintain that said Defendant had adequate time and opportunity to depose the experts prior to the close of expert discovery.

The deadline for expert depositions in this matter was January 31, 2009. Seventh and Final Scheduling Order (Docket No. 251), entered November 5, 2008. The rule in this jurisdiction is that movant must offer justification for its delay in seeking the discovery. *See, e.g., Johnson v. Thru-Point, Inc.*, 160 Fed. Appx. 159, 162 (3d Cir. 2005) (where the court states, "Untimely amendments and discovery are disfavored where the movant offers no justification for the delay"). The only reason said Defendants give for not deposing Plaintiffs' experts earlier is that such depositions only became necessary when the experts filed supplemental reports just prior to the previously scheduled *Daubert* hearing.

The Court finds that the stated reason does not justify the reopening of discovery. It appears from the circumstances that Defendant merely has changed its litigation strategy. Such a change is not a proper basis for reopening discovery. If, in fact, the supplemental reports contain new opinions, then the proper course of action is to move to exclude those

*St. Rose v. Mobile Paint Manufacturing Co. of Delaware*
1:04-cv-114
Order
Page 3

opinions as untimely rebuttal opinions pursuant to Fed. R. Civ. P. 26(a)(2)(C)(ii) or as improper supplemental reports pursuant to Fed. R. Civ. P. 26(e)(2).

Accordingly, it is now hereby **ORDERED** that Defendants Sealoflex, Inc., and Sealoflex Sales, Inc.'s Motion to Reopen Discovery (Docket No. 339) is **DENIED**.

ENTER:

Dated: September 18, 2009    /s/ George W. Cannon, Jr.
                             GEORGE W. CANNON, JR.
                             U.S. MAGISTRATE JUDGE